UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EUROINVEST SECURITIES LIMITED and
MURAT SAFIN,

                Plaintiffs,

                -against-

BARCLAYS BANK PLC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 23-cv-1130

**COMPLAINT**

Plaintiffs Euroinvest Securities Limited ("Euroinvest") and Murat Safin, by and through their undersigned counsel, allege the following:

## NATURE OF THE ACTION

1. This is a federal securities action alleging claims against Barclays Bank PLC ("Barclays") for violations of Section 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k, by reason of its violation of a regulatory cap on certain securities that it offered and sold.

2. Barclays is the issuer of the iPath Series B S&P 500 VIX Short-Term Futures ETN ("VXX"), an exchange-traded note ("ETN") designed to provide exposure to the S&P 500 VIX Short-Term Futures Index Total Return (the "Index").

3. On March 14, 2022, Barclays announced that it had "suspended . . . any further sales from inventory and any further issuances of [VXX] . . . effective as of the open of trading on Monday, March 14, 2022," because Barclays did "not currently have sufficient issuance capacity to support further sales [of VXX] from inventory and any further issuances of [VXX]."

4. On March 28, 2022, Barclays announced that it had "exceeded the registered amount" of securities offered and sold under its United States shelf registration statement.

5. Barclays' failure to disclose the over-issuance of these unregistered VXX ETNs constituted a material omission in the Registration Statement for the VXX ETNs in violation of Section 11 of the Securities Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and under Section 22 of the Securities Act, 15 U.S.C. § 77v. The claims herein arise under Section 11 of the Securities Act, 15 U.S.C. § 77k.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and Section 22 of the Exchange Act, 15 U.S.C. § 77v, because Barclays may be found or resides here or has agents in this district, transacted or is licensed to transact business in this district, and a substantial portion of the affected trade and commerce described below has been carried out in this district.

8. In connection with the acts and conduct alleged in this complaint, Barclays, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mail, interstate telephone communications, the internet and the facilities of the national securities markets.

## THE PARTIES

9. Plaintiff Euroinvest is a Special Purpose Vehicle company (Registration Number 101896) incorporated and existing under the laws of the Republic of the Marshall Islands, located at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH96960.

10. On August 3, 2020, Euroinvest purchased 150,000 VXX ETNs on the NYSE Arca exchange at a price of $28.33 per ETN, for a total cost of $4,249,500; and on October 14, 2020, Euroinvest purchased an additional 150,000 VXX ETNs on the NYSE Arca exchange at a price of $21.61 per ETN, for a total cost of $3,241,500.

11. Plaintiff Murat Safin is an individual residing at Brampton, 3 Byron Drive, London, England, N2 0BD.

12. On August 3, 2020, Mr. Safin purchased 200,000 VXX ETNs on the Chicago Board Options Exchange ("CBOE") at a price of $28.33 per ETN, for a total cost of $5,666,000, and an additional 50,000 VXX ETNs on the New York Stock Exchange ("NYSE") at a price of $28.33 per ETN, for a total cost of $1,416,500; on October 14, 2020, Mr. Safin purchased an additional 250,000 VXX ETNs on the CBOE at a price of $21.61 per ETN, for a total cost of $5,402,500; and on December 31, 2020, Mr. Safin purchased an additional 200,000 VXX ETNs on the CBOE at a price of $16.50 per ETN, for a total cost of $3,300,000.

13. Upon information and belief, Defendant Barclays is registered as a financial holding company with the Federal Reserve Bank of New York pursuant to the Bank Holding Company Act of 1956, 12 U.S.C. § 1841 *et seq.*, and has two branches located in the United States, one in New York and one in Miami, Florida. Upon information and belief, Barclays is organized under the laws of England and Wales.

## BACKGROUND FACTS

### A. Barclays' Unauthorized Over-Issuance of VXX

14. Barclays is the issuer of the VXX ETNs, which were designed to provide exposure to the Index. The Index is designed to provide access to equity market volatility through CBOE Volatility Index (the "VIX Index") futures, offering exposure to a daily rolling long position in the first and second month VIX futures contracts, and reflects market participants' views of the future direction of the VIX index at the time of expiration of the VIX futures contracts comprising the Index.

15. In May 2017, Barclays lost its status as a well-known seasoned issuer ("WKSI").

16. On February 22, 2018, Barclays filed an amended registration statement to convert its prior WKSI shelf to a non-WKSI shelf (the "2018 Shelf"), which was declared effective on March 30, 2018.[1] The 2018 Shelf included a specification of the maximum aggregate offering price of securities available to be offered or sold from the 2018 Shelf.

17. On June 14, 2019, Barclays filed another shelf registration statement for a new non-WKSI shelf (the "2019 Shelf") to replace the 2018 Shelf.[2] The 2019 Shelf, which was declared effective on August 1, 2019, similarly included a specification of the maximum aggregate offering price of securities available to be offered or sold from the 2019 Shelf. Specifically, the 2019 Shelf registered $20.76 billion of debt securities.[3]

18. Pursuant to the terms of both the 2018 Shelf and 2019 Shelf, Barclays was required to track the aggregate amount of securities that were offered and sold from each respective shelf on a real-time basis, thereby ensuring that Barclays did not offer or sell any securities in excess of what had been registered.

19. Upon information and belief, Barclays failed to implement any relevant controls, and the amount of securities that were offered and sold from each respective shelf was not tracked.

20. As a result, Barclays offered and sold securities, including VXX, in excess of the amount remaining on the 2018 Shelf and in excess of what was registered on the 2019 Shelf. These over-issuances continued until on or around March 9, 2022.

---

[1] *See* Barclays' March 2018 Shelf Registration Statement (Mar. 30, 2018), available at www.sec.gov/Archives/edgar/data/312070/000119312518098676/d450194dposam.htm; Notice of Effectiveness (Mar. 30, 2018), available at www.sec.gov/Archives/edgar/data/312070/999999999518000718/xslEFFECTX01/primary_doc.xml.

[2] *See* Barclays June 14, 2019 Shelf Registration Statement (June 14, 2019), available at https://www.sec.gov/Archives/edgar/data/312070/000119312519173793/d756161df3.htm.

[3] *See* Barclays August Shelf 2019 Registration Statement (Aug. 1, 2019), available at www.sec.gov/Archives/edgar/data/312070/000119312519206925/d778493df3a.htm; Notice of Effectiveness (Aug. 1, 2019), available at www.sec.gov/Archives/edgar/data/312070/999999999519001783/xslEFFECTX01/primary_doc.xml.

21. In total, Barclays offered and sold approximately $17.7 billion of securities, including VXX, in unregistered transactions. Specifically, Barclays admitted that it sold approximately $16.37 billion of additional unregistered securities in excess of the maximum aggregate amount registered pursuant to the 2019 Shelf, and sold approximately $1.27 billion of additional unregistered securities in excess of the maximum aggregate amount registered pursuant to the 2018 Shelf.

22. On March 14, 2022, Barclays announced that it had "suspended . . . any further sales from inventory and any further issuances of [VXX] . . . effective as of the open of trading on Monday, March 14, 2022," because Barclays did "not currently have sufficient issuance capacity to support further sales [of VXX] from inventory and any further issuances of [VXX]." That March 14, 2022 announcement further stated that "[t]his suspension may cause fluctuations in the trading value of [VXX]," but that "Barclays expect[ed] to reopen sales and issuances of [VXX] ETNs as soon as it c[ould] accommodate additional capacity for future issuances."

23. On March 28, 2022, Barclays announced that "the securities offered and sold under its US shelf registration statement during a period of approximately one year "\exceeded the registered amount . . . giving rise to a right of rescission among certain purchasers of Affected Securities requiring [Barclays] to repurchase the Affected Securities at their original purchase price," and that "[d]etails of the rescission offer w[ould] be published by [Barclays] in due course."

24. On July 25, 2022, Barclays announced that it would "commence a rescission offer on 1 August 2022 to eligible purchasers of c.U.S.$17.6 billion of relevant securities issued in excess of amounts registered by [Barclays] under its U.S. shelf registration statements . . . consist[ing] of c.U.S.$14.8 billion of structured notes and c.U.S.$2.8 billion of [ETNs]."

25. On August 1, 2022, Barclays commenced a rescission offer to what it deemed eligible purchasers of the securities it had issued in excess of registered amounts, with the rescission offer to expire on September 12, 2022.

26. Plaintiffs timely submitted acceptances of the rescission offer for each of their purchases of VXX ETNs through Barclays' On-line Claims Portal, but Barclays rejected each of their submissions.

27. Following the March 14, 2022 issuance halt, the market price of VXX ETNs became dislocated from the underlying value of VIX futures. Even after Barclays resumed issuance of VXX ETNs, trading volumes were significantly lower than they had been prior to the March 14, 2022 issuance halt.

28. On September 29, 2022, the SEC charged Barclays and its parent company in connection with the unregistered sale of "an unprecedented amount of securities due to a failure to implement any internal control to track such transactions in real time."

29. The SEC's order found that Barclays violated provisions of the Securities Act, and that both Barclays and its parent violated provisions of the Securities Exchange Act of 1934. The Barclays entities agreed to pay a $200 million civil penalty, and Barclays was ordered to pay disgorgement and prejudgment interest of more than $161 million, which was deemed satisfied by Barclays' offer of rescission to investors in the unregistered offerings.

**B. Barclays' Dissemination of Actionable False and Misleading Statements and Omissions**

30. In the 2019 Shelf, Barclays omitted material facts, including material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading. Barclays misled investors by repeatedly stating that it had registered each of the VXX ETNs that it had issued, and/or failing to disclose that it had failed to do so.

31.     The 2019 Shelf included a specification of the maximum aggregate offering price of securities available to be offered or sold pursuant to the particular shelf registration statement.

32.     In the Registration Statements for the 2019 Shelf, Barclays failed to disclose that it had issued securities, including VXX, beyond the total dollar value of securities registered, constituting a material omission and rendering the 2019 Shelf false and/or materially misleading.

33.     Additionally, in the Registration Statements for the 2019 Shelf, Barclays undertook to file a post-effective amendment to the applicable Registration Statement to, among other things:

> reflect in the prospectus any facts or events arising after the effective date of the Registration Statement . . . which, individually or in the aggregate, represent a fundamental change in the information set forth in the Registration Statement. Notwithstanding the foregoing, any increase or decrease in volume of securities offered (if the total dollar value of securities offered would not exceed that which was registered) and any deviation from the low or high end of the estimated maximum offering range may be reflected in the form of prospectus filed with the SEC pursuant to Rule 424(b) if, in the aggregate, the changes in volume and price represent no more than 20 percent change in the maximum aggregate offering price set forth in the "Calculation of Registration Fee" table in the effective Registration Statement . . . .

34.     The statements quoted in the preceding paragraph were false and misleading and omitted material facts concerning Barclays' over-issuance of securities, including VXX, beyond the total dollar value of securities registered in the 2019 Shelf.  Specifically, the 2019 Shelf omitted that Barclays had in fact issued securities, the total dollar value of which did exceed that which was registered.  Barclays did not reflect in the prospectus that there had been a fundamental change in the information set forth in the Registration Statement—namely, that Barclays had issued securities, the total dollar value of which did exceed that which was registered.  Barclays' failure to disclose this information in the Registration Statements rendered the statements false and/or materially misleading.

**C.  Plaintiffs' VXX Transactions and Loss Causation**

7

35. On August 3, 2020, Euroinvest purchased 150,000 VXX ETNs on NYSE Arca at a price of $28.33 per ETN, for a total cost of $4,249,500. On October 14, 2020, Euroinvest purchased an additional 150,000 VXX ETNs on NYSE Arca at a price of $21.61 per ETN, for a total cost of $3,241,500.

36. On August 3, 2020, Mr. Safin purchased 200,000 VXX ETNs on the CBOE at a price of $28.33 per ETN, for a total cost of $5,666,000, and an additional 50,000 VXX ETNs on the NYSE at a price of $28.33 per ETN, for a total cost of $1,416,500. On October 14, 2020, Mr. Safin purchased an additional 250,000 VXX ETNs on the CBOE at a price of $21.61 per ETN, for a total cost of $5,402,500. Finally, on December 31, 2020, Mr. Safin purchased an additional 200,000 VXX ETNs on the CBOE at a price of $16.50 per ETN, for a total cost of $3,300,000.

37. On April 9, 2021, Barclays announced that it would "implement a 1 for 4 reverse split of its [VXX ETNs] which it intends to be effective at the open of trading on Friday, April 23, 2021." Barclays stated that "[t]he closing indicative value of the ETNs on the record date will be multiplied by four to determine the respective reverse-split adjusted value of the ETNs." According to Barclays, "[t]he reverse-split adjusted ETNs will have a new CUSIP, but will retain the same ticker symbols."

38. On April 23, 2021, Barclays implemented the reverse split of the VXX ETNs.

39. Plaintiffs continued to hold the VXX ETNs following the reverse split, and have continued to hold them through the present.

40. As a direct result of Barclays' over-issuance of VXX ETNs and the subsequent issuance halt and rescission offer, Plaintiffs suffered significant losses from their VXX investments. The price of VXX ETNs significantly declined when the information concealed from the market was revealed, causing losses to investors including the Plaintiffs.

41. Plaintiffs have suffered damages from Barclays' material misstatements and omissions in connection with the 2019 Shelf. Plaintiffs would not have purchased VXX ETNs at the prices they paid, or at all, if they had been aware of Barclays' VXX ETN over-issuance, which artificially affected the prices of VXX ETNs.

42. As a direct and proximate result of Barclays' conduct, Plaintiffs suffered damages, in an amount to be determined at trial, in connection with their purchases of VXX ETNs.

## PLAINTIFFS' CLAIM
### (For Violations of Section 11 of the Securities Act)

43. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

44. Barclays was responsible for the contents and dissemination of the 2019 Shelf.

45. The 2019 Shelf was inaccurate and misleading, contained untrue statements of material fact, omitted to state other facts necessary to make the statements made not misleading, and omitted to state facts required to be stated therein.

46. Barclays was the registrant for the VXX ETNs. As the issuer of the VXX ETNs, Barclays is strictly liable to Plaintiffs for the misstatements and omissions.

47. Upon information and belief, Barclays did not make a reasonable investigation or possess reasonable grounds for the belief that the statements contained in the 2019 Shelf were true and without omissions of any material facts and were not misleading.

48. By reason of the conduct alleged herein, Barclays violated Section 11 of the Securities Act, 15 U.S.C. § 77k.

49. Plaintiffs purchased VXX ETNs traceable to the 2019 Shelf.

50. Plaintiffs have sustained damages. The value of the VXX ETN has declined substantially subsequent to and due to Barclays' violations as set forth above.

51. At the time of their purchases of VXX ETNs, Plaintiffs were without knowledge of the facts concerning the violations described above.

52. Fewer than three years have elapsed between the time that the securities upon which this claim is brought were offered to the public and the time Plaintiffs will have filed this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully demands judgment against Barclays as follows:

(a) Awarding Plaintiffs compensatory damages in an amount to be proven at trial for all injuries sustained as a result of Barclays' violations as set forth herein, including pre-judgment and post-judgment interest;

(b) Awarding Plaintiffs their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(c) Awarding such other relief as this Court may deem just and proper.

Dated:   February 9, 2023

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By: _____
Steven R. Popofsky

500 Fifth Avenue
New York, New York  10110
Telephone:   (212) 986-6000
Facsimile:   (212) 986-8866
Email:   SPopofsky@kkwc.com

*Counsel for Plaintiffs Euroinvest Securities Limited and Murat Safin*